```
                              United States Bankruptcy Court
                              Middle District of Pennsylvania
In re:                                                                  Case No. 18-00484-RNO
Paul Hrywnak                                                            Chapter 13
        Debtor
                                    CERTIFICATE OF NOTICE
District/off: 0314-5          User: CGambini               Page 1 of 2                  Date Rcvd: May 23, 2018
                              Form ID: pdf002              Total Noticed: 32
```

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
May 25, 2018.
```
db              +Paul Hrywnak,    14 O'Hara Road,    Moscow, PA 18444-6351
cr              +Landmark Community Bank,    2 South Main Street,    Pittston, PA 18640-1850
5020433         +Capital One,    PO Box 30285,    Salt Lake City, UT 84130-0285
5020434          Credit First National Assoc.,    P.O. Box 81315,    Cleveland, OH 44181-0315
5049053          Deutsche Bank National Trust Company, as Trustee,,    P.O. Box 65250,
                 Salt Lake City UT 84165-0250
5020436         +Fidelity Deposit & Discount Bank,    338 N. Washington Ave.,    Scranton, PA 18503-1554
5020437         +Geisinger Health System,    100 North Academy Ave.,    Danville, PA 17822-0001
5020439         +KAB Construction, Inc.,    1453 Leeland Drive,    Kingsport, TN 37660-1463
5020440         +KURLANCHEK FURNITURE,    235 MUNDY STREET,    WILKES-BARRE TWP., PA 18702-6833
5028170         +LANDMARK COMMUNITY BANK,    2 S. MAIN ST.,    PITTSTON, PA 18640-1850
5020441         +Law offices of Tullio DeLuca,    381 N. 9th Avenue,    Scranton, PA 18504-2005
5028171         +MIDNIGHT REALTY, LLC,    14 OHARA RD.,    SPRING BROOK TWP., PA 18444-6351
5020443         +Modern Gas Sales,    P.O. Box 1,    Avoca, PA 18661-0001
5020447          PPL Electric Utilities,    827 Hausman Rd.,    Allentown, PA 18104-9392
5020446          Penn Credit Corp.,    916 South 14th Street,    P.O. Box 988,    Harrisburg, PA 17108-0988
5020449         +Santarelli & Sons Oil Co.,    443 N. Main St.,    Peckville, PA 18452-2409
5020450         +Seterus,    Attn: Bankruptcy Dept.,    P.O. Box 4128,    Beaverton, OR 97076-4128
5020438         ++THERESA GURNARI,    GODINO S WEST MOUNTAIN STONE QUARRY,    703 NEWTON RD,
                  SCRANTON PA 18504-1017
                 (address filed with court: Godino's West Mountain Stone Quarry,    840 Newton Rd.,
                  Scranton, PA 18504)
5020452         #+USCB Corporation,    101 Harrison St.,    Archbald, PA 18403-1961
5020451         +United Check Cashing,    741 Oak St.,    Scranton, PA 18508-1556
5028172         #+ZUCKER, GOLDBERG & ACKERMAN,    200 SHEFFIELD ST., SUITE 101,    MOUNTAINSIDE, NJ 07092-2315
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
5043634         +E-mail/Text: g20956@att.com May 23 2018 19:04:01     AT&T Mobility II LLC,   %AT&T SERVICES INC,
                 KAREN A. CAVAGNARO  PARALEGAL,    ONE AT&T WAY, SUITE 3A104,    BEDMINSTER, NJ 07921-2693
5020431         +E-mail/Text: seinhorn@ars-llc.biz May 23 2018 19:04:07      Ability Recovery Svcs. LLC,
                 P.O. Box 4031,    Wyoming, PA 18644-0031
5020432         +E-mail/Text: bnc-capio@quantum3group.com May 23 2018 19:03:45       Capio Partners,
                 2222 Texoma Pkwy.,    Suite 150,    Sherman, TX 75090-2481
5020433         +E-mail/PDF: AIS.cocard.ebn@americaninfosource.com May 23 2018 19:02:19       Capital One,
                 PO Box 30285,    Salt Lake City, UT 84130-0285
5020435         +E-mail/PDF: creditonebknotifications@resurgent.com May 23 2018 19:02:07       CreditOne,
                 P.O. Box 98873,    Las Vegas, NV 89193-8873
5028169          E-mail/Text: cio.bncmail@irs.gov May 23 2018 19:03:35      INTERNAL REVENUE SERVICE,
                 SPECIAL PROCEDURES BRANCH,    PO BOX 7346,    PHILADELPHIA, PA 19101-7346
5020442         +E-mail/PDF: resurgentbknotifications@resurgent.com May 23 2018 19:02:08      LVNV Funding LLC,
                 P.O. Box 10497,    Greenville, SC 29603-0497
5048705          E-mail/PDF: resurgentbknotifications@resurgent.com May 23 2018 19:02:08
                 LVNV Funding, LLC its successors and assigns as,    assignee of FNBM, LLC,
                 Resurgent Capital Services,    PO Box 10587,    Greenville, SC 29603-0587
5049014          E-mail/PDF: resurgentbknotifications@resurgent.com May 23 2018 19:02:08
                 LVNV Funding, LLC its successors and assigns as,    assignee of NCOP X, LLC,
                 Resurgent Capital Services,    PO Box 10587,    Greenville, SC 29603-0587
5020444          E-mail/Text: RVSVCBICNOTICE1@state.pa.us May 23 2018 19:03:43       PA Dept. of Revenue,
                 Bankruptcy Division,    Dept. 280946,    Harrisburg, PA 17128-0496
5028202         +E-mail/Text: RVSVCBICNOTICE1@state.pa.us May 23 2018 19:03:43
                 Pennsylvania Department of Revenue,    Bankruptcy Division PO BOX 280946,
                 Harrisburg, PA 17128-0946
5020448         +E-mail/PDF: resurgentbknotifications@resurgent.com May 23 2018 19:02:07
                 Resurgent Capital Services,    PO Box 10587,    Greenville, SC 29603-0587
                                                                                              TOTAL: 12
```

```
              ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
5028168          ARLA JOHNSON, POA FOR JANE S. JOHNSON,    FOR THE JOHNSON FAMILY TRUST,    R.R. 3, RT 106,
                 9985 NORTHSIDE RD.,    SOUIS, NE CANADA COA2BO
5020445*        +Paul Hrywnak,    14 O'Hara Road,    Moscow, PA 18444-6351
                                                                                 TOTALS: 1, * 1, ## 0
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).

Addresses marked '#' were identified by the USPS National Change of Address system as requiring an update.
While the notice was still deliverable, the notice recipient was advised to update its address with the court
immediately.

***** BYPASSED RECIPIENTS (continued) *****

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: May 25, 2018                                    Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on May 23, 2018 at the address(es) listed below:
          Charles J DeHart, III (Trustee)    dehartstaff@pamd13trustee.com,  TWecf@pamd13trustee.com
          James   Warmbrodt    on behalf of Creditor    Deutsche Bank National Trust Company, as Trustee, in
           trust for registered Holders of Long Beach Mortgage Loan Trust 2005-WL2, Asset-Backed
           Certificates, Series 2005-WL2 bkgroup@kmllawgroup.com
          Joseph M. Campolieto    on behalf of Creditor    Landmark Community Bank jcamp@4palaw.com,
           G13449@notify.cincompass.com
          Tullio  DeLuca    on behalf of Debtor 1 Paul  Hrywnak tullio.deluca@verizon.net
          United States Trustee    ustpregion03.ha.ecf@usdoj.gov
                                                                                       TOTAL: 5
```

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

|   |   |
|---|---|
| IN RE: <br> PAUL HRYWNAK <br> a/k/a Paul Hrywnak <br><br> Debtor(s) | CHAPTER 13 <br><br> CASE NO. 5:18- <br><br> _X_ ORIGINAL PLAN <br> ___ AMENDED PLAN (Indicate 1ST, 2ND, 3RD, etc) <br> ___ Number of Motions to Avoid Liens <br> ___ Number of Motions to Value Collateral |

## CHAPTER 13 PLAN

NOTICES

Debtors must check one box on each line to state whether of not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked or if neither box is checked, the provision will be ineffective if set out later in the Plan.

| 1 | The plan contains nonstandard provisions, set out in §9, which are not included in the standard plan as approved by the U.S. Bankruptcy Court for the Middle District of Pennsylvania. | * | Included | ☐ | Not Included |
|---|---|---|---|---|---|
| 2 | The plan contains a limit on the amount of a secured claim, set out in §2.E, which may result in a partial payment or no payment at all to the secured creditor. | ☐ | Included | * | Not Included |
| 3 | The plan avoids a judicial lien or nonpossessory, nonpurchase-money security interest, set out in §2.G | ☐ | Included | * | Not Included |
|   |   |   |   |   |   |

**YOUR RIGHTS WILL BE AFFECTED**

READ THIS PLAN CAREFULLY. If you oppose any provision of this plan, you must file a timely written objection. This plan may be confirmed and become binding on you without further notice or hearing unless a written objection is filed before the deadline stated on the

Notice issued in connection with the filing of the Plan.

1. **PLAN FUNDING AND LENGTH OF PLAN.**

    A. **Plan Payments From Future Income**

    1. To date, the Debtor paid $_____ (enter $0 if no payments have been made to the Trustee to date). Debtor shall pay to the Trustee for the remaining term of the plan the following payments. If applicable, in addition to monthly plan payments, Debtor shall make conduit payments through the Trustee as set forth below. The total base plan is $19,620.00, plus other payments and property stated in §1B below:

    | Start mm/yyyy | End mm/yyyy | Plan Payment | Estimated Conduit Payment | Total Monthly Payment | Total Payment Over Plan Tier |
    |---|---|---|---|---|---|
    | 03/2018 | 02/2023 | $327.00 | $0.00 | $327.00 | $19,620.00 |
    |  |  |  |  |  |  |
    |  |  |  |  | Total Payments: | $19,620.00 |

    2. If the plan provides for conduit mortgage payments, and the mortgagee notifies the Trustee that a different payment is due, the Trustee shall notify te Debtor and any attorney for the Debtor, in writing, to adjust the conduit payments and the plan funding. Debtor must pay all post-petition mortgage payments that come due before the initiation of conduit mortgage payments.

    3. Debtor shall ensure that any wage attachments are adjusted when necessary to conform to the terms of the plan.

    4. CHECK ONE:   ( x ) Debtor is at or under median income. *If this line is checked, the rest of §1.A.4 need not be completed or reproduced.*

    (  ) Debtor is over median income. Debtor calculates that a minimum of $ 0.00 must be paid to allowed unsecured creditors in order to comply with the Means Test.

B. **Additional Plan Funding From Liquidation of Assets/Other**

    1. The Debtor estimates that the liquidation value of this estate is $0.00. (Liquidation value is calculated as the value of all non-exempt assets after the deduction of valid liens and encumbrances and before the deduction of Trustee fees and priority claims.)

*Check one of the following two lines.*

__X__  No assets will be liquidated. *If this line is checked, the rest of §1.B need not be completed or reproduced.*

____  Certain assets will be liquidated as follows:

2. In addition to the above specified plan payments, Debtor shall dedicate to the plan proceeds in the estimated amount of $ _____ from the sale of property known and designated as _____. All sales shall be completed by _____, 20___. If the property does not sell by the date specified, then the disposition of the property shall be as follows: _____.

3. Other payments from any source(s) (describe specifically) shall be paid to the Trustee as follows: _____.

2. **SECURED CLAIMS.**

   A. **Pre-Confirmation Distributions.** *Check one.*

   __X__  None. *If "None" is checked, the rest of §2.A need not be completed or reproduced.*

   ____  Adequate protection and conduit payments in the following amounts will be paid by the Debtor to the Trustee. If the Trustee will disburse these payments for which a proof of claim has been filed as soon as practicable after receipt of said payments from the Debtor.

| Name of Creditor | Last Four Digits of Account Number | Estimated Monthly Payment |
|---|---|---|
|  |  |  |

   1. The Trustee will not make a partial payment. If the Debtor makes a partial plan payment, or if it is not paid on time and the Trustee is unable to pay timely a payment due on a claim in this section, the Debtor's cure of this default must include any applicable late charges.

   2. If a mortgagee files a notice pursuant to Fed. R. Bankr.P.3002.1(b), the change in the conduit payment to the Trustee will not require modification of this Plan.

   B. **Mortgages (Including Claims Secured by Debtor's Principal Residence) and**

**Other Direct Payments by Debtor. Check One.**

____ None. If "None" is checked, the rest of §2.B need not be completed or reproduced.

_X_ Payments will be made by the Debtor directly to the creditor according to the original contract terms, and without modification of those terms unless otherwise agreed to by the contracting parties. All liens survive the plan if not avoided or paid in full under the plan.

| Name of Creditor | Description of Collateral | Last Four Digits of Account Number |
|---|---|---|
| Seterus | 514 O'Hora Rd., Moscow, PA 18444 | 2770 |
| Landmark Community Bank | 2014 Dodge Ram | |

C. **Arrears (Including, but not limited to, claims secured by Debtor's principal residence).** Check one.

____ None. If "None" is checked, the rest of §2.C need not be completed or reproduced.

_X_ The Trustee shall distribute to each creditor set forth below the amount of arrearages in the allowed proof of claim. If post-petition arrears are not itemized in an allowed claim, they shall be paid in the amount stated below. Unless otherwise ordered, if relief from the automatic stay is granted as to any collateral listed in this section, all payments to the creditor as to that collateral shall cease, and the claim will no longer be provided for under §1322(b)(5) of the Bankruptcy Code.

| Name of Creditor | Description of Collateral | Estimated Pre-Petition Arrears to be Cured | Estimated Post-Petition Arrears to be Cured | Estimated Total to be paid in plan |
|---|---|---|---|---|
| Seterus | 514 O'Hora Rd., Moscow, PA 18444 | $110,438.00 | None | $0.00 |
| | | | | |

|   |   |   |   |   |
|---|---|---|---|---|

**D. Other secured claims (conduit payments and claims for which a §506 valuation is not applicable, etc.)**

    ____    None. If "None" is checked, the rest of §2.D need not be completed or reproduced.

    _X_    The claims below are secured claims for which a § 506 valuation is not applicable, and can include: (1) claims that were either (a) incurred within 910 dates of the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the Debtor, or (b) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value; (2) conduit payments; or (3) secured claims not provided elsewhere.

1. The allowed secured claims listed below shall be paid in full and their liens retained until completion of payments under the plan.

2. In addition to payment of the allowed secured claim, present value interest pursuant to 11 U.S.C. §1325(a)(5)(B)(ii) will be paid at the rate and in the amount listed below, unless an objection is raised. If an objection is raised, then the court will determine the present value interest rate and amount at the confirmation hearing.

3. Unless otherwise ordered, if the claimant notifies the Trustee that the claim was paid, payments on the claim shall cease.

| Name of Creditor | Description of Collateral | Principal Balance of Claim | Interest Rate | Total to be Paid in Plan |
|---|---|---|---|---|
| PA Dept. of Revenue | 514 O'Hora Rd., Moscow, PA 18444 | $12,000.00 | 3% $937.00 | $12,937.00 |

**E. Secured claims for which §506 valuation is applicable.** Check one.

    ____    None. If "None" is checked, the rest of §2.E need not be completed or reproduced.

    _X_  Claims listed in the subsection are debts secured by property not described in §2.D of this plan. These claims will be paid in the plan according to modified terms, and liens retained

until entry of discharge. The excess of the creditor's claim will be treated as an unsecured claim. Any claim listed as "$0.00" or "NO VALUE" in the "Modified Principal Balance" column below will be treated as an unsecured claim. The liens will be avoided or limited through the plan or Debtor will file an adversary action (select method in last column). To the extent not already determined, the amount, extend or validity of the allowed secured claim for each claim listed below will be determined by he court at the confirmation hearing. Unless otherwise ordered, if the claimant notifies the Trustee tat the claim was paid, payments on the claim shall cease.

| Name of Creditor | Description of Collateral | Value of Collateral (Modified Principal) | Interest Rate | Total Payment | Plan or Adversary Action |
|---|---|---|---|---|---|
| Credit First National Assoc. | 514 O'Hora Rd., Moscow, PA 18444 | $0.00 | Zero | Zero | Adversary |
| Godino's West Mountain Stone Quarry | 514 O'Hora Rd., Moscow, PA 18444 | $0.00 | Zero | Zero | Adversary |
| Kurlanchek Furniture | 514 O'Hora Rd., Moscow, PA 18444 | $0.00 | Zero | Zero | Adversary |
| United Check Cashing | 514 O'Hora Rd., Moscow, PA 18444 | $0.00 | Zero | Zero | Adversary |

    F. **Surrender of Collateral**. Check one.

      X      None. If "None" is checked, the rest of §2.F need not be completed or reproduced.

      ___     The Debtor elects to surrender to each creditor listed below the collateral that secures the creditor's claim. The Debtor requests that upon confirmation of this plan the stay under 11 U.S.C. §362(a) be terminated as to the collateral only and that the stay under §1301 be terminated in all respects. Any allowed unsecured claim resulting from the disposition of the collateral will be treated in Part 4 below.

| Name of Creditor | Description of Collateral to be Surrendered |
|---|---|
|  |  |
|  |  |

      **G.**    **Lien Avoidance.**  Do not use for mortgages or for statutory liens, such as tax liens. Check one.

        _X_    None. If "None" is checked, the rest of §2.G need not be completed or reproduced.

        ____    The Debtor moves to avoid the following judicial and/or nonpossessory, non-purchase money liens of the following creditors pursuant to §522(f) (this §should not be used for statutory or consensual liens such as mortgages).

| | | |
|---|---|---|
| The name of the holder of lien. |  |  |
| A description of the lien. For a judicial lien, include court and docket number. |  |  |
| A description of the liened property. |  |  |
| The value of the liened property |  |  |
| The sum of senior liens |  |  |
| The value of any exemption claimed. |  |  |
| The amount of the lien. |  |  |
| The amount of lien voided. |  |  |

**3.**    **PRIORITY CLAIMS.**

    **A.**    **Administrative Claims**

        1.    <u>Trustee's Fees.</u> Percentage fees payable to the Trustee will be paid at the rate fixed by the United States Trustee.

Case 5:18-bk-00484-RNO   Doc 17   Filed 02/23/18   Entered 02/23/18 15:24:14   Desc
Main Document    Page 7 of 12
Case 5:18-bk-00484-RNO   Doc 42   Filed 05/25/18   Entered 05/26/18 00:43:10   Desc
Imaged Certificate of Notice    Page 9 of 14

2. <u>Attorney's Fees.</u>  Complete only one of the following options:

   a. In addition to the retainer of $1,000.00 already paid by the Debtor, the amount of $4,000.00 in the plan.  This represents the unpaid balance of the presumptively reasonable fee specified in L.B.R. 2016-2( c); or

   b. $_____ per hour, with the hourly rate to be adjusted in accordance with the terms of the written fee agreement between the Debtor ands the attorney.  Payment of such lodestar compensation shall require a separate fee application with the compensation approved by the Court pursuant to L.B.R. 2016-2(b).

3. <u>Other.</u>  Other administrative claims not included in §§ 3.A.1 or 3.A.2 above.  Check one of the following two lines.

   __X__ None.  If "None" is checked, the rest of § 3.A.3 need not be completed or reproduced.

   _____ The following administrative claims will be paid in full.

| **Name of Creditor** | **Estimated Total Payment** |
|---|---|
|  |  |
|  |  |

B. **Priority Claims (including, but not limited to, Domestic Support Obligations other than those treated in § 3.C below).** Check one of the following two lines.

   __X__ None.  If "None" is checked, the rest of § 3.B need not be completed or reproduced.

   _____ Allowed unsecured claims, including domestic support obligations, entitled to priority under § 1322(a) will be paid in full unless modified under §9.

| **Name of Creditor** | **Estimated Total Payment** |
|---|---|
|  |  |

C. **Domestic Support Obligations assigned to or owed to a governmental unit under 11 U.S.C. §506 (a)(1)(B).**  Check one of the following two lines.

__X__ None. If "None" is checked, the rest of § 3.C need not be completed or reproduced.

____ The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim. This plan provision requires that payments in § 1.A. be for a term of 60 months (see 11 U.S.C. § 1322 (a)(4)).

| **Name of Creditor** | **Estimated Total Payment** |
|---|---|
|  |  |

4. **UNSECURED CLAIMS**

   A. **Claims of Unsecured Nonpriority Creditors Specially Classified.** Check one of the following two lines.

   __X__ None. If "None" is checked, the rest of § 4.A need not be completed or reproduced.

   ____ To the extent that funds are available, the allowed amount of the following unsecured claims, such as co-signed unsecured debts, will be paid before other, unclassified, unsecured claims. The claim shall be paid interest at the rate stated below. If no rate is stated, the interest rate set forth in the proof of claim shall apply.

| **Name of Creditor** | **Reason for Special Classification** | **Estimated Amount of Claim** | **Interest Rate** | **Estimated Total Payment** |
|---|---|---|---|---|
|  |  |  |  |  |

   B. **Remaining allowed unsecured claims will receive a pro-rata distribution of funds remaining after payment of other classes.**

5. **EXECUTORY CONTRACTS AND UNEXPIRED LEASES. Check one of the following two lines.**

   __X__ None. If "None" is checked, the rest of § 5 need not be completed or reproduced.

   ____ The following contracts and leases are assumed (and arrears in the allowed claim to be cured in the plan) or rejected:

| Name of Other Party | Description of Contract or Lease | Monthly Payment | Interest Rate | Estimated Arrears | Total Plan Payment | Assume or Reject |
|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |

**6.     VESTING OF PROPERTY OF THE ESTATE.**

**Property of the estate will vest in the Debtor upon**

Check the applicable line:

       plan confirmation.
       entry of discharge.
  X   closing of case.

**7.     DISCHARGE: (Check one)**

(X)     The debtor will seek a discharge pursuant to § 1328(a).
(  )     The debtor is not eligible for a discharge because the debtor has previously received a discharge described in § 1328(f).

**8.     ORDER OF DISTRIBUTION:**

If a pre-petition creditor files a secured, priority or specially classified claim after the bar date, the Trustee will treat the claim as allowed, subject to an objection by the Debtor.

Payments from the plan will be made by the Trustee in the following order:
Level 1:     Adequate Protection Payments
Level 2:     Debtor's Attorney Fees
Level 3:     Domestic Support Obligations
Level 4:     Secured Claims, Pro Rata
Level 5:     Priority Claims, pro rata
Level 6:     Specially classified unsecured claims
Level 7:     Timely filed general unsecured claims
Level 8:     Untimely filed general unsecured claims to which Debtor has not objected

If the above Levels are filled in, the rest of § 8 need not be completed or reproduced. If the above Levels are not filled-in, then the order of distribution of plan payments will be determined by the Trustee using the following as a guide:

Level 1:     Adequate protection payments.
Level 2:     Debtor's attorney's fees.
Level 3:     Domestic Support Obligations.

Level 4: Priority claims, pro rata.
Level 5: Secured claims, pro rata.
Level 6: Specially classified unsecured claims.
Level 7: Timely filed general unsecured claims.
Level 8: Untimely filed general unsecured claims to which the Debtor has not objected.

## 9. NONSTANDARD PLAN PROVISIONS

**Include the additional provisions below or on an attachment. Any nonstandard provision placed elsewhere in the plan is void. (NOTE: The plan and any attachment must be filed as one document, not as a plan and exhibit.)**

**The following is a summary of the creditors and amounts to be paid by the Trustee pursuant to this Plan:**

| | |
|---|---|
| **Chapter 13 Trustee** | **$ 1,472.00(est.)** |
| **Tullio DeLuca, Esq.,** | **$ 4,000.00** |
| **PA Dept. of Revenue** | **$ 12,937.00 priority claim** |
| **Unsecured Creditors-Pro-rata basis** | **$ 1,211.00** |
| **Total:** | **$ 19,620.00** |

**\*\*\*The pre-petition arrears will be paid through loan modification. The loan modification documents will be submitted to Seterus on or before May 31, 2018. Seterus will make a final decision on the loan modification on or before August 31, 2018. If the loan modification is approved, Debtor will file a Motion to Approve Loan Modification and obtain approval on or before September 30, 2018. In the event, the loan modification is denied, the Debtor shall file an Amended Plan to cure the arrears on or before September 30, 2018.**

The Chapter 13 Trustee payment shall be made to the following address:

CHARLES J. DEHART, III, ESQ.
P.O. BOX 7005
LANCASTER, PA 17604

Dated: February 19, 2018                    /s/Tullio DeLuca
                                            Attorney for Debtor


                                             /s/Paul Hrywnak
                                            Debtor


By filing this document, the debtor, if not represented by an attorney, or the Attorney for Debtor also certifies that this plan contains no nonstandard provisions other than those set out in §9.